CARY & COMPANY v. F. E. SATTERLEE & COMPANY.[1]

April 1, 1926.

No. 25,005 .

**Appearance of disbarred attorney not permitted.**

1. Refusal to allow disbarred attorney to appear for a corporation was proper, even if he owned all of its stock. [Reporter.]

**When conditional sale contract will not be reformed.**

2. Oral agreements purposely omitted from written conditional sale contract will not be inserted by the court to make a different contract from that agreed on. [Reporter.]

**Motion to strike case from calendar and motion for temporary injunction denied.**

3. As plaintiff had no cause of action for reformation of contract, it was proper to deny its motion to strike case from trial calendar after agreeing to have it set as condition to issue of temporary restraining

[1]Reported in 208 N. W. 408.

order—Where buyer who is not in default has defense to action in replevin for goods sold, injunction will not issue, as his defense is adequate. [Reporter.]

**Dismissal of action.**

4. Where neither complaint nor evidence shows facts sufficient to entitle plaintiff to relief, judgment of dismissal is correct. [Reporter.]

Attorney and Client, 6 C. J. p. 614 n. 66.
Injunctions, 32 C. J. p. 99 n. 51; p. 380 n. 12.
Reformation of Instruments, 34 Cyc. p. 922 n. 24.
Trial, 38 Cyc. p. 1556 n. 9.

Action in the district court for Hennepin county to reform a conditional sales contract and enjoin defendant from prosecuting an action in replevin. The case was tried before Reed, J., who dismissed the action because plaintiff had failed to establish a cause of action. Plaintiff appealed from the judgment. Affirmed.

*Harry Hamilton Nelson,* for appellant.
*James E. Carr,* for respondent.

PER CURIAM.

Defendant in this suit brought an action in replevin in the municipal court of the city of Minneapolis to recover certain machinery which it had sold to plaintiff under a conditional sale contract. Thereupon plaintiff brought this action in the district court to reform the conditional sale contract and enjoin defendant from prosecuting the action in replevin, and obtained a temporary restraining order. The court found that plaintiff had failed to establish a cause of action and denied any relief. Plaintiff appealed.

The complaint alleges the bringing of the action in replevin and contains further allegations to the effect that when the machinery was purchased defendant promised and agreed to take back any machine which plaintiff should wish to return and to give plaintiff credit for the purchase price thereof, and also promised and agreed to make good any parts found to be defective or missing, and that these agreements were not included in the written contract, for the reason that defendant intended to use the contract as collateral security for loans at the bank and it would not be acceptable to the bank if it contained such provisions. The complaint contains further allegations to the effect that defendant had refused to accept a machine which plaintiff sought to return and had failed to replace certain defective or missing parts.

Plaintiff asked the court to reform the contract by inserting the alleged oral agreements therein. Courts cannot make contracts for the parties, and cannot reform or change the writing evidencing a contract by including therein provisions which the parties did not intend to include therein. Here both the complaint and the evidence presented by plaintiff itself show conclusively that the parties did not intend to include these alleged oral agreements in the written contract, and the court cannot insert them and thereby make a different contract from that agreed upon by the parties. As neither the complaint nor the evidence discloses sufficient facts to entitle plaintiff to any relief in this action, the court correctly directed a judgment of dismissal.

The temporary restraining order was granted on condition that the cause be immediately placed on the calendar for trial if at issue, and if not then at issue as soon as issue was joined. Plaintiff consented to this condition, but when the cause was called for trial moved to strike it from the calendar, asserting that, as the answer alleged that plaintiff was in default under the conditional sale contract, it had the right to put that allegation in issue by a reply. Unless plaintiff was in default under that contract, it had a perfect defense to the action in the municipal court and no ground for asking for an injunction. Plaintiff promptly admitted the default at the trial and hence could not have denied it. Moreover this allegation was wholly immaterial, for plaintiff had no cause of action whether it was admitted or denied.

The ruling refusing to permit Mr. Francis C. Cary to appear as attorney for plaintiff was correct. Mr. Cary is no longer an attorney at law, and the right of a party to a suit in court to appear in person therein does not entitle him to appear for a corporation even if he owns all its capital stock, for the corporation is a distinct legal entity.

Judgment affirmed.