## Practice Before Board of Finance and Revenue

RUTTER, Deputy Attorney General, November 13, 1944.—You have requested us to advise you who may practice before the Board of Finance and Revenue.

The administrative agency which is now the Board of Finance and Revenue was originally created by the Act of April 8, 1869, P. L. 19, 72 PS §4142. It consisted of the Auditor General, the State Treasurer, and the Attorney General, and was known as the Board of

Public Accounts. By section 202 of The Administrative Code, the Act of June 7, 1923, P. L. 498, 71 PS §12, the foregoing board, together with the Board of Revenue, Commissioners, and Sinking Fund Commission, were combined into one departmental administrative board known as the Board of Finance and Revenue. The Board of Finance and Revenue was continued by section 202 of The Administrative Code of 1929, the Act of April 9, 1929, P. L. 177, 71 PS §62. Section 1102 of The Administrative Code of 1929, supra, 71 PS §322, provided that the Board of Finance and Revenue should exercise, insofar as not inconsistent with the provisions of said code, the powers and duties set forth in The Fiscal Code, the Act of April 9, 1929, P. L. 343, 72 PS §1 et seq. Section 501 of The Fiscal Code, supra, 72 PS §501, provided that subject to any inconsistent provisions in that code the board should continue as the successor to the Board of Public Accounts created by the Act of 1869, supra. The general powers and duties of the Board of Finance and Revenue are set forth at length in The Fiscal Code in, among others, sections 501 to 506, inclusive, 72 PS §501-506, and sections 1102 to 1107, 72 PS §1102-1107.

Section 506 of The Administrative Code of 1929, supra, 71 PS §186, provides as follows:

"Rules and Regulations.—The heads of all administrative departments, the several independent administrative boards and commissions, the several departmental administrative boards and commissions, are hereby empowered to prescribe rules and regulations, not inconsistent with law, for the government of their respective departments, boards, or commissions, the conduct of their employes and clerks, the distribution and performance of their business, and the custody, use, and preservation of the records, books, documents, and property pertaining thereto."

It is quite clear that under section 506 of The Administrative Code of 1929, above cited and quoted, the Board of Finance and Revenue has ample power to prescribe by rule and regulation the qualifications of those who may appear and practice before it, and by appearance we mean to include the filing of papers, pleadings, and other documents with the board.

Rule 2 of the present rules and regulations of the Board of Finance and Revenue provides as follows:

"Only an Attorney at Law who appears as the Attorney representing any petitioner before the Board, or an officer of the petitioner or applicant, shall be permitted to argue or discuss any legal question or questions raised in any petition or application before the Board, at a hearing before said Board."

The foregoing rule restricts argument or discussion of legal questions before the board to attorneys at law and officers of parties.

Section 9 of the Act of March 21, 1806, P. L. 558, 17 PS §1601, provides that in all civil suits or proceedings *in any court* within this Commonwealth "every suitor and party concerned, shall have a right to be heard, by himself and counsel, or either of them". The Board of Finance and Revenue is not a "court". It is precisely what The Administrative Code of 1929 designates it, namely, a departmental administrative board. See also Shortz et al. v. Farrell, 327 Pa. 81 (1937). Article I, sec. 9, of the Constitution of the Commonwealth has no application to our problem inasmuch as it relates only to criminal prosecutions.

The foregoing Act of 1806 does not expressly mention corporations, but it has been held that a corporation is included by the word "party". We would be inclined to say that a corporation would be included within the meaning of both these words; that is to say, we believe the words "suitor" and "party" mean a litigant, whether such litigant be an individual or a

corporate entity. If this conclusion is sound there would appear to be no reason why the same rule should not apply to administrative agencies and tribunals. They are certainly of less dignity than are courts of record, even though in many instances they are quasi-judicial and maintain records of all their proceedings.

However, a corporation is in the eyes of the law a legal entity, a legal concept. The only way that it can act is through officers, agents, employes, and servants; and these must necessarily be individuals. Therefore, if a corporation itself desired to appear as a litigant, either in a court or before an administrative agency such as the Board of Finance and Revenue, it would have to do so through an individual; and whenever such an appearance constituted the practice of law the individual appearing for the corporation would have to be duly and regularly admitted to practice law in this Commonwealth. The Act of April 28, 1899, P. L. 117, as last amended by the Act of April 24, 1933, P. L. 66, 17 PS §1608, provides in part:

". . . it shall not be lawful for any person, partnership, association, or corporation, in any county in the State of Pennsylvania, to practice law, . . . without having first been duly and regularly admitted to practice law in a court of record of any county in this Commonwealth . . ."

For decisions to the effect that when a corporation appears for itself in court it can do so only through individuals, and that such individuals must be duly-admitted lawyers, see New Jersey Photo Engraving Co. v. Carl Schonert & Sons, Inc., 95 N. J. Eq. 12 (1923); Black & White Operating Co., Inc., v. Grosbart, 7 N. J. Misc. 233 (1929); Cary & Co. v. F. E. Satterlee & Co., 166 Minn. 507, 208 N. W. 408 (1926). See also Blair v. Service Bureau, Inc., 87 Pitts. L. J. 155 (1939); 40 Dickinson L. R. 226; and Brand, Unauthorized Practice Decisions (1937) 771.

We take it to be a generally-held notion also that any party may appear before an administrative agency by an attorney at law. This notion would seem to be a natural outgrowth from the generally-accepted conception of fundamental principles of Anglo-Saxon jurisprudence. The average man has no doubt in his mind that anyone who becomes involved in a legal proceeding is entitled to the advice and representation of counsel learned in the law. Nevertheless, we adhere and subscribe to the generally-held belief and opinion that, as in the courts, a party may always appear before administrative tribunals in person in his own behalf, whether learned in the law or not. We would say, therefore, that no rule or regulation of the Board of Finance and Revenue should prohibit any party from appearing before it in person. If such a party is a corporation, we would see no reason why it could not *appear* by a duly-authorized officer, employe, or agent, since it could act only through its officers, employes, or agents.

The distinction between merely appearing in behalf of a corporation, and functioning for a corporation in a manner which constitutes the practice of law, must be constantly borne in mind. When we say that a corporation may appear through a duly-authorized individual, we do not mean to say that such an individual can do anything which amounts to the practice of law unless he is a lawyer.

No question has been raised relating to the right of an attorney at law to appear and practice before the board in behalf of a client who is a party. It is conceded that attorneys at law have such a right. It has been questioned, however, whether persons who are not parties, who are not attorneys at law, and who are not authorized officers or employes of corporate parties, may appear and practice before the board. The consideration of this question inevitably involves us in an examination of what appearance and practice

before the board consist. To the extent that appearance and practice before the board constitute the practice of law the question is a closed one, except as to individual litigants themselves, as hereinbefore explained.

An excursion into the field of the rules and regulations of other administrative tribunals of the Commonwealth, of other States, or of the Federal Government, would not be especially helpful, for the law in this Commonwealth is well settled. It is interesting to note, however, that Rule 4 of the Rules of Practice of the Pennsylvania Public Utility Commission provides as follows:

"4. Appearances, Attorneys.

"All parties, except individuals appearing in their own behalf, shall be represented by attorneys at law in good standing.

"All attorneys appearing before the Commission shall conform to the standards of ethical conduct required of practitioners before the Supreme Court of Pennsylvania, and failure so to conform will constitute ground for refusal of permission to appear before the Commission."

The foregoing rule of the commission conforms to the conclusions expressed in this opinion.

Conceivably, certain appearances before the Board of Finance and Revenue would not constitute the practice of law. For example, if an accountant or other layman testifies on questions of valuation and the like before the board, that would not be the practice of law. Such individuals would be appearing as witnesses, and would be testifying merely as to facts. If such individuals deserted their rôles as witnesses and attempted to present, discuss, or argue questions of law, they would cease to be witnesses and would be assuming and presuming to practice law. This they may not do.

An interesting discussion of the problem here presented may be found in Gellhorn, Administrative Law (1940) 587.

Where the line of demarcation lies in any particular proceeding before the board must be determined by the board. No general rule, other than that hereinbefore set forth, can be formulated for the board's guidance. We shall not attempt to define what the courts themselves have been unable or unwilling to define, namely, what constitutes the practice of law in all its ramifications. Each case must be decided on its own facts. For a general treatment of what constitutes the practice of law, see our opinion in 1939-1940 Op. Atty. Gen. 412.

It is our opinion, therefore, and you are accordingly advised, that Rule 2 of the rules and regulations of the Board of Finance and Revenue as presently in force is invalid to the extent that (1) it permits an officer of a petitioner or applicant to argue or discuss legal questions before the board; and (2) to the extent that it prohibits an individual from appearing before the board in his own behalf. Any change or amendment of this rule should be made in conformity with this opinion.