■ In the Matter of Louis J. Lefkowitz, as Attorney-General of the State of New York, Respondent, v Therapeutic Hypnosis, Inc., et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered November 3, 1975 in Albany County, which granted summary judgment in favor of petitioner. This proceeding was commenced by the Attorney-General for injunctive and other relief against two domestic corporations and several related individuals, including the appellant McMillen herein, arising from their activities involving the use of hypnosis to promote weight loss and curb cigarette use (cf. Executive Law, § 63, subd 12; Business Corporation Law, § 1101; Education Law, § 6515). Only the appellant McMillen appeared in opposition, but Special Term denied his motion to dismiss the proceeding and granted summary judgment against all appellants. This appeal ensued. Although appellant McMillen sought to represent the corporations, it is undisputed that he is not an attorney admitted to practice law in this or any other jurisdiction. Therefore, Special Term correctly decided that no appearance had been made on their behalf and we likewise reject appellant McMillen's complaint that the requirement of corporate appearance by attorney offends constitutional standards (CPLR 321, subd [a]; *Oliner v Mid-Town Promoters,* 2 NY2d 63; *Garlen v Green Mansions,* 9 AD2d 760, rearg den 10 AD2d 557). However, as in the foregoing cases, the court should have afforded the corporations an opportunity to properly appear and defend themselves, if they are so inclined, before considering them in default. In the exercise of discretion, we will modify the instant judgment to accord them that right upon condition that they appear by attorney and answer within 15 days after service of a copy of the order to be entered on this decision. Consequently, we need not consider and do not pass upon the issue, attempted to be raised on their behalf by appellant McMillen, of whether petitioner is precluded from seeking relief against the corporations because they are no longer functioning entities. (Cf. *Matter of Lefkowitz v E.F.G. Baby Prods. Co.,* 40 AD2d 364). We quite agree with Special Term that the grounds advanced by appellant

McMillen were insufficient to warrant a dismissal of the petition. Nevertheless, it does not necessarily follow that petitioner became entitled to summary judgment as a result. The petition was accompanied by an affidavit and exhibits detailing the nature of the fraudulent and otherwise illegal activities allegedly carried on by the appellants. In replying to appellant McMillen's motion to dismiss, which had attacked portions of this factual averment, an Assistant Attorney-General requested that relief be granted against the corporations based on their default, but also asked that the individual appellant be directed to answer within five days of the denial of his dismissal motion. Although this was a special proceeding and not an action (cf. CPLR 3211, subd [c]; *Moreno v Kibbe,* 32 AD2d 825), it does not appear that Special Term advised the parties it would proceed to consider the matter in a summary fashion should appellant's motion be denied. Unlike an article 78 proceeding (cf. CPLR 7804, subd [f]), it was discretionary with the court to permit appellant McMillen to answer upon the denial of his motion (CPLR 404, subd [a]; *Matter of Dodge,* 25 NY2d 273). Given the *pro se* nature of appellant McMillen's appearance and petitioner's request, we believe the circumstances demanded that appellant McMillen be made aware of the possibility of a summary disposition. Furthermore, we cannot presently say it is clear that no factual issue exists which may be raised by answer *(Matter of Brentmore Estates v Hotel Barbizon,* 263 App Div 389). Accordingly, the judgment against appellant McMillen should be reversed with leave for him to answer within five days after service of the order to be entered on this decision. We pass upon no factual question. Judgment modified, on the law, and in the exercise of discretion, by severing and reversing the same as to Therapeutic Hypnosis, Inc., and National Institute of Hypnosis Practices, Inc., with leave to appear and answer within 15 days from the date of service of a copy of the order to be entered hereon, and by severing and reversing the same as to James D. McMillen with leave to answer within five days from the date of service of a copy of the order to be entered hereon, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Herlihy and Reynolds, JJ., concur.