**WICKER ENTERPRISES, INC., et al., Relator,**

v.

**Maxine K. DAHLER, Respondent,**

**Commissioner of Economic Security.**

No. C6–84–187.

Court of Appeals of Minnesota.

May 8, 1984.

Wicker Enterprises, Inc., et al., pro se.

Maxine K. Dahler, pro se.

Hubert H. Humphrey III, Atty. Gen., Regina M. Chu, Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ.

## OPINION

POPOVICH, Chief Judge.

On appeal from a decision of a claims deputy that relator's ex-employee was involuntarily terminated for reasons other than misconduct, a referee of the Department of Economic Security affirmed the decision upon relator's failure to appear and present evidence.

The Commissioner of Economic Security affirmed. This court issued a writ of certiorari for review of the Commissioner's decision. We affirm.

## FACTS

Following her discharge from employment with relator Wicker Enterprises Inc., d.b.a. Darveaux Confectionnaire, respondent Maxine Dahler applied for unemployment compensation benefits. A claims deputy for the Department of Economic Security determined that Dahler was involuntarily separated from her employment for reasons other than misconduct and that she was not disqualified from receiving benefits under Minn.Stat. § 268.09, subd. 1(2) (Supp.1983).

Relator, through the General Manager, Robert Wicker, appealed the deputy's decision to the referee. The hearing before the referee was scheduled for October 19, 1983 at 1:00 p.m. Proper and timely notice was sent to all parties. Relator failed to appear at the hearing because of a conflicting appearance scheduled in United States Tax Court where Wicker was to be a witness. He did not request a continuance but in fact showed up late after the employee and her witness had left. The referee affirmed the determination of the claims deputy upon relator's failure to appear.

Relator appealed the referee's decision to the Commissioner. On December 13, 1983, a representative of the Commissioner affirmed the referee's decision and denied relator's request that the matter be remanded to the referee for a new hearing.

## ISSUES

1. Whether the Commissioner's refusal to grant a rehearing was arbitrary or unreasonable.

2. Whether Robert Wicker, a non-attorney, may represent relator-corporation before this court.

## ANALYSIS

■ 1. Judicial review of decisions in economic security cases is limited. *Group Health Plan, Inc. v. Lopez,* 341 N.W.2d 294 (Minn.App.1983). In this matter, the court's inquiry is restricted to whether the Commissioner's denial of a rehearing was arbitrary or unreasonable. *Lumpkin v. North Central Airlines, Inc.,* 296 Minn. 456, 460, 209 N.W.2d 397, 400 (1972).

■ The Commissioner's refusal to remand the case to a referee was not unreasonable or arbitrary under the circumstances presented here. Relator requested the hearing before the referee and received notice of the scheduling 2 weeks in advance. Wicker, acting on behalf of relator, did not notify the referee of his conflicting hearing in Tax Court until he allegedly called the Department on the morning of the hearing. He did not, however, seek a continuance of the hearing before the referee.

■ 2. It appears to the court that Robert Wicker is a non-attorney representing relator-corporation in the appeal to this court.

There is little evidence before this court on Wicker's relationship with relator-corporation, its size or organization. Wicker subscribed relator's informal brief as general manager although in the petition for the writ Wicker does not indicate his posi-

tion or the nature of his representation. Under Minnesota law, non-attorneys are prohibited from representing corporations in court proceedings. Minn.Stat. § 481.02 (1982); *Cary and Company v. F.E. Satterlee and Co.,* 166 Minn. 507, 208 N.W. 408 (1926).

## DECISION

The Commissioner's decision refusing to remand the case for a hearing where relator failed to appear at the time specified for the original hearing, and did not seek a continuance of the hearing, was not arbitrary or unreasonable.

Affirmed.