CONTEMPORARY SYSTEMS
DESIGN, Relator,

v.

COMMISSIONER OF JOBS AND
TRAINING, Respondent.

No. C7–88–806.

Court of Appeals of Minnesota.

Nov. 1, 1988.

Hubert H. Humphrey, III, Atty. Gen., James Patrick Barone, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by FOLEY, P.J., and CRIPPEN and SHORT, JJ., without oral argument.

## OPINION

FOLEY, Judge

Relator Contemporary Systems Designs (CSD) by its president, Timothy W. Buroker, seeks review of a determination that CSD's profits must be considered Buroker's wages for unemployment compensation purposes.

### FACTS

CSD is a Minnesota Subchapter S corporation in the business of computer programming. In 1985, Buroker performed services for CSD. CSD showed a profit for 1985 that was "passed through" to Buroker's individual income tax return pursuant to federal tax laws governing Subchapter S corporations.

On August 31, 1987, the Department of Jobs and Training issued a determination that CSD's profits for 1985 must be reported as wages to Buroker for unemployment taxation purposes. Buroker appealed the determination on behalf of CSD. A department referee and a Commissioner's representative both affirmed the initial determination that profits must be considered as wages to Buroker.

Buroker has appealed on behalf of CSD.

### ISSUE

May Buroker, a non-attorney, appear on behalf of CSD?

### ANALYSIS

Buroker states in his brief that he is a student at the University of Minnesota, and the file contains no evidence that he is an attorney licensed to practice law in this state or any other state.

In proceedings before the Department of Jobs and Training, a party may be represented by a non-attorney agent; however, in court proceedings such agent must be an attorney at law. Minn.Stat. § 268.10, subd. 9 (1986).

In *Cary & Co. v. F.E. Satterlee & Co.*, 166 Minn. 507, 208 N.W. 408 (1926), the Minnesota Supreme Court stated:

The ruling refusing to permit Mr. Francis C. Cary to appear as attorney for plaintiff [corporation] was correct. Mr. Cary is no longer an attorney at law, and the right of a party to a suit in court to appear in person therein does not entitle him to appear for a corporation even if he owns all its capital stock, for the corporation is a distinct legal entity.

*Id.* at 509, 208 N.W. at 409. In *Wicker Enterprises, Inc. v. Dahler,* 347 N.W.2d 543 (Minn.Ct.App.1984), this court noted:

It appears to the court that Robert Wicker is a non-attorney representing relator-corporation in the appeal to this court.

There is little evidence before this court on Wicker's relationship with relator-corporation, its size or organization. Wicker subscribed relator's informal brief as general manager although in the petition for the writ Wicker does not indicate his position or the nature of his representation. Under Minnesota law, non-attorneys are prohibited from representing corporations in court proceedings.

*Id.* at 544–45 (citing *Cary* and Minn.Stat. § 481.02.). The *Wicker* court, however, did not discuss the issue of appropriate sanctions.

Minnesota's decisions, both legislative and judicial, are in keeping with the general view that a corporation may not appear in court through an agent other than a licensed attorney. *See, e.g., Osborn v. Bank of United States,* 22 U.S. (9 Wheat) 738, 744, 6 L.Ed. 204 (1824); *Brandstein v. White Lamps,* 20 F.Supp. 369 (S.D.N.Y. 1937); *Paradise v. Nowlin,* 86 Cal.App.2d 897, 195 P.2d 867 (1948); *State ex rel. Western Parks, Inc. v. Bartholomew County Court,* 270 Ind. 41, 383 N.E.2d 290 (1978); *Lefkowitz v. Therapeutic Hypnosis, Inc.,* 52 A.D.2d 1017, 383 N.Y.S.2d 868 (1976); *Globe Leasing, Inc. v. Engine Supply & Machine Service,* 437 S.W.2d 43 (Tex.Civ.App.1969).

In *Paradise,* the California court found cause to dismiss an appeal on the court's own motion because the defendant corporation had filed in propria persona a notice of appeal in the superior court and an opposition to the respondents' motion to dismiss. The court stated:

Such notice and opposition are void by reason of the corporation's lack of power to represent itself in an action in court.

\* \* \* \* \* \*

A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear in propria persona.

*Paradise,* 86 Cal.App.2d at 898, 195 P.2d at 867.

Similarly, in *Globe Leasing,* the Texas court dismissed an appeal based in part on the fact that the president of a corporation, who was not a licensed attorney, had filed an answer. The court reasoned: "Only a licensed attorney may practice law. A corporation may not appear in court through its officers who are not attorneys." *Globe Leasing,* 437 S.W.2d at 45.

## DECISION

CSD is improperly represented in its appeal by a non-attorney agent.

Writ of certiorari discharged.