**NICOLLET RESTORATION, INC., Appellant,**

**v.**

**Darcy TURNHAM d/b/a Darcy Sales, Respondent.**

**No. C3–91–991.**

Court of Appeals of Minnesota.

Oct. 15, 1991.

Review Granted Dec. 23, 1991.

Charles A. Cox, Cox & Goudy, Minneapolis, for appellant.

Jack F. Brown, Minneapolis, for respondent.

Considered and decided by KALITOWSKI, P.J., and FORSBERG and SCHUMACHER, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Nicollet Restoration, Inc. challenges the district court's dismissal of its action which was removed to district court from conciliation court, arguing that the Rules for the Conciliation Courts allow parties to choose whether to proceed with or without attorney representation in district court. We affirm the dismissal.

## FACTS

On March 26, 1990, Nicollet Restoration, Inc. (Nicollet Restoration) brought action against Darcy Turnham doing business as Darcy Sales (Turnham) in Hennepin County Conciliation Court for breach of a commercial tenancy agreement. After the May 17, 1990 conciliation court trial, the referee ordered judgment to be entered for Nicollet Restoration.

Turnham appealed the judgment to Hennepin County District Court. On the date set for trial, Nicollet Restoration attempted to appear through its president, John J. Kerwin, who is not a licensed attorney. Turnham's attorney objected to Nicollet Restoration's appearance without counsel and moved to dismiss. The trial judge stated the case could be continued to permit Nicollet Restoration to retain an attorney. Kerwin, on behalf of the corporation, elected not to request a continuance and the trial court issued an order dismissing Nicollet Restoration's cause of action with prejudice pursuant to Minnesota case law which requires a corporation to have attorney representation in district court. Appeal is taken from the judgment.

## ISSUE

Can a corporation appear through a nonattorney agent in an action originally commenced in conciliation court upon removal to district court?

## ANALYSIS

■ Questions concerning rules are questions of law, and appellate courts need not defer to the conclusions of law drawn by the trial court from undisputed facts. *See Reichel v. Hefner*, 472 N.W.2d 346, 347 (Minn.App.1991) (quoting *Wilkie v. Allied Van Lines, Inc.*, 398 N.W.2d 607, 610 (Minn.App.1986)). Consequently, this court reviews this issue de novo.

■ Appellant Nicollet Restoration argues that the district court erroneously dismissed its action for failing to appear through an attorney because the Rules for the Conciliation Courts make attorney representation optional for an appeal from conciliation court. We disagree.

Appellant relies on two conciliation court rules to advance its argument. Minn.R.Conciliation Cts. 1.12, subd. 2 states:

> Appearances in conciliation court shall be by the parties, without attorneys, except by leave of the court; a removal of the cause to county court, however, as

provided in these rules, *may* be taken through an attorney at law.

(Emphasis added.) Minn.R.Conciliation Cts. 1.21, subd. 3(a) similarly provides:

At the hearing in county court [on removal], either party *may* be represented by an attorney at law.

(Emphasis added.)

The conciliation court trial and the subsequent removal to district court are separate proceedings. As Minn.R.Conciliation Cts. 1.21, subd. 1 states:

Any person aggrieved by an order for judgment entered by a conciliation judge after contested hearing may remove the cause to county court for trial de novo.

Hennepin County Conciliation Court is governed by statutes in addition to the conciliation court rules. *See* Minn.Stat. §§ 488A.12–.17 (1990). Minn.Stat. § 488A.17, subd. 11 addresses the appropriate practice and procedure to be used in an appeal from Hennepin County Conciliation Court to district court:

Except as otherwise expressly provided in this act, pleading, practice and procedure in a removed cause are the same as in an action originally brought in municipal court.

Thus, the district court is not required to give deference to the conciliation court's decision nor is it bound by the conciliation court's rules of practice.

Recently, in *Reichel v. Hefner*, 472 N.W.2d 346, 348 (Minn.App.1991), this court held "The removal from conciliation court to district court constitutes commencement of a civil action." Accordingly, the Rules of Civil Procedure governed the method of service in *Reichel*. *See id.* The conciliation court rules likewise no longer governed this action upon removal to district court.

The rules of practice for district court do not permit a corporation to appear through an agent other than a licensed attorney. *See* Minn.Stat. § 481.02, subd. 1 (1990); *Cary & Co. v. F.E. Satterlee & Co.*, 166 Minn. 507, 509, 208 N.W. 408, 409 (1926); *Contemporary Sys. Design v. Commissioner of Jobs & Training*, 431 N.W.2d 133, 134 (Minn.App.1988); *Wicker Enter., Inc. v. Dahler*, 347 N.W.2d 543, 545 (Minn.App.1984). The rationale for this prohibition is that a corporation is not a natural person and as such can neither practice law nor appear or act in person. *Contemporary Sys. Design*, 431 N.W.2d at 134 (quoting *Paradise v. Nowlin*, 86 Cal.App.2d 897, 898, 195 P.2d 867, 867 (1948)).

Although certain actions of non-licensed attorneys constituting practice of law are permitted by statute, this is not one of them. The fact that this action originated in conciliation court does not alter the rule that a corporation must appear through a licensed attorney in district court.

## DECISION

The district court properly dismissed appellant's removed cause of action based on the failure of the corporation to appear through a licensed attorney in district court.

Affirmed.