**NICOLLET RESTORATION, INC.,**
**Petitioner, Appellant,**

v.

**Darcy TURNHAM, d/b/a Darcy Sales, Respondent.**

**No. C3–91–991.**

Supreme Court of Minnesota.

July 2, 1992.

Charles A. Cox, Cox & Goudy, Minneapolis, for appellant.

Jack F. Brown, Minneapolis, for respondent.

TOMLJANOVICH, Justice.

The petitioner, Nicollet Restoration, Inc., seeks review of a court of appeals decision which held that a corporation must be represented by a licensed attorney when appearing in district court notwithstanding that the action originated in conciliation court. We affirm.

This is a commercial landlord-tenant dispute. The petitioner, a corporation, commenced an action in conciliation court against respondent for unpaid rent and cleaning charges. Both petitioner and respondent appeared without counsel at the May 17, 1990, hearing. Judgment for the petitioner was entered in the amount of $1,862. Respondent then removed the case to district court for a trial de novo.

This action proceeded to trial on April 1, 1991, with petitioner seeking to appear by its president. It is undisputed that the president of the corporation is not a licensed attorney. At the opening of trial, respondent's attorney moved for dismissal based on the petitioner's decision to appear

without an attorney. Apparently, the trial court told the petitioner that it would grant a continuance so that the petitioner could retain counsel. After the petitioner elected not to request a continuance and to proceed without counsel, the trial judge dismissed the action with prejudice. On October 15, 1991, the court of appeals affirmed the trial court, holding that it made no difference that petitioner's action originated in conciliation court. 475 N.W.2d 508. This appeal followed.

Generally, a corporation must be represented by a licensed attorney when appearing in court, regardless of whether the person seeking to represent the corporation is a director, officer or shareholder. *See* Annotation, *Propriety and Effect of Corporation's Appearance Pro Se, Through Agent Who is Not Attorney*, 19 A.L.R.3d 1073 (1968). This prohibition is rooted in the common law. "At common law '... a plea by a corporation aggregate, which is incapable of a personal appearance, must purport to be by attorney.'" *Strong Delivery Ministry Ass'n v. Board of Appeals of Cook County*, 543 F.2d 32, 33 (7th Cir.1976) (quoting 1 Chitty On Pleading 550 (12th Am.Ed.1855)). In *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 830, 6 L.Ed. 204 (1824), Chief Justice Marshall noted that, "A corporation, it is true, can appear only by attorney, while a natural person may appear for himself." *See also Commercial & Railroad Bank of Vicksburg v. Slocomb, Richards & Co.*, 39 U.S. (14 Pet.) 60, 65, 10 L.Ed. 354 (1840) ("[A] corporation cannot appear but by attorney").

Minnesota follows the common law rule that a corporation may appear only by attorney. We first touched upon this rule in *Banks v. Pennsylvania Ry. Co.*, 111 Minn. 48, 126 N.W. 410 (1910). In finding jurisdiction over a foreign corporation which appeared generally and entered an answer on the merits, we stated:

It may be conceded, as claimed, that the courts of this state have no jurisdiction over a foreign corporation, except as it is brought within the purview of our statutes; but it is equally true that such a corporation may voluntarily appear *by attorney* and submit its person to the jurisdiction of the courts of the state, precisely as it may *by attorney* come into such courts for the purpose of enforcing its claims.

*Banks*, 111 Minn. at 54, 126 N.W. at 411 (emphasis supplied). Sixteen years later, we directly addressed the common law rule in *Cary & Co. v. F.E. Satterlee & Co.*, 166 Minn. 507, 208 N.W. 408 (1926). We held:

The ruling refusing to permit Mr. Francis C. Cary to appear as attorney for plaintiff was correct. Mr. Cary is no longer an attorney at law, and the right of a party to a suit in court to appear in person therein does not entitle him to appear for a corporation, even if he owns all its capital stock for the corporation is a distinct legal entity.

*Cary*, 166 Minn. at 509, 208 N.W. at 409. Although we have not had the opportunity to address the common law prohibition since *Cary*, it is still controlling precedent which prohibits a non-attorney agent from appearing on behalf of a corporation in district court.

In order to understand the importance of this prohibition, it is necessary to examine its underlying rationale. A non-attorney agent of a corporation is not subject to the ethical standards of the bar and is not subject to court supervision or discipline. The agent knows but one master, the corporation, and owes no duty to the courts. In addition, a corporation is an artificial entity which can only act through agents. To permit a lay individual to appear on behalf of a corporation would be to permit that individual to practice law without a license. The purpose behind attorney licensing requirements "is the protection of the public and the courts from the consequences of ignorance or venality." *Strong Delivery Ministry*, 543 F.2d at 33 (citation omitted). The Seventh Circuit Court of Appeals explained:

The rule in these respects is neither arbitrary nor unreasonable. It arises out of the necessity, in the proper administration of justice, of having legal proceedings carried on according to the rules of

law and the practice of courts and by those charged with the responsibility of legal knowledge and professional duty.

\* \* \* \* \* \*

Were it possible for corporations to prosecute or defend actions in person, through their own officers, men unfit by character and training, men, whose credo is that the end justifies the means, disbarred lawyers or lawyers of other jurisdictions would soon create opportunities for themselves as officers of certain classes of corporations and then freely appear in our courts as a matter of pure business not subject to the ethics of our profession or the supervision of our bar associations and the discipline of our courts.

*Id.* at 33–34 (citations omitted). Thus, there are strong public policy considerations on which the prohibition is based. "[Any] departure [from the general policy that corporate representation must be by lawyers] should always be cautiously controlled to avoid the dangers inherent in representation by those without legal training or professional discipline and standards." *Employers Control Serv. Corp. v. Workers Compensation Bd.*, 35 N.Y.2d 492, 364 N.Y.S.2d 149, 323 N.E.2d 689, 692 (1974).

■ Petitioner argues that Minn.Stat. § 481.02, subd. 2 (1990)[1] authorizes a corporation to appear by or through a non-attorney agent. We reject this argument for two reasons. First, a careful reading of Minn.Stat. § 481.02, subd. 2, indicates that the legislature intended to grant the power to corporations to appear in court by or through its officers, employees or other agents when they are a party litigant to an action. Contrary to petitioner's interpretation, this does not mean that the officer, employee or agent appearing on behalf of a corporation may be a non-attorney. Under the common law, a corporation still must be represented by a licensed attorney when appearing in district court whether or not the attorney is an officer, employee or other agent. If district courts are to handle their increasingly crowded and complex dockets efficiently and justly, it is important that clients' causes be presented by persons trained and licensed to do so.

Even assuming that Minn.Stat. § 481.02, subd. 2, could be construed to permit a corporation to appear by or through a non-attorney agent, such a construction would raise serious constitutional problems. Since corporations are distinct legal entities, any individual attempting to appear on behalf of the corporation would, in effect, be practicing law. Based on the legislature's power to enact criminal statutes, it is clear that the legislature has the authority to determine who may or may not be prosecuted for the unauthorized practice of law. This, however, does not mean that the legislature may decide who may properly practice law before the courts of this state. Under Article 3, Section 1 of the Minnesota Constitution, this power is vested solely in the judiciary. *Minneapolis Star & Tribune Co. v. Housing & Redevelopment Auth.*, 310 Minn. 313, 318, 251 N.W.2d 620, 623 (1976). Art. 3, § 1 provides:

> **Division of Powers.** The powers of government shall be divided into three distinct departments: legislative, executive and judicial. No person or persons belonging to or constituting one of these departments shall exercise any of the powers properly belonging to either of the others except in the instances expressly provided in this constitution.

In *Sharood v. Hatfield*, 296 Minn. 416, 425, 210 N.W.2d 275, 280 (1973), we held that, "[T]he power to make the necessary rules and regulations governing the bar was intended to be vested exclusively in the supreme court, free from the dangers of encroachment either by the legislative or executive branches." *Id.* at 425, 210 N.W.2d at 280 (citation omitted). We explained:

> Under our form of government, where the judicial constitutes an independent branch, the character of those who stand

**1.** Minn.Stat. § 481.02, subd. 2 provides, in pertinent part, that: "No corporation, organized for pecuniary profit, except an attorney's professional corporation \* \* \* by or through its officers or employees or any one else, shall maintain, conduct, or defend, except in its own behalf when a party litigant, any action or proceeding in any court in this state \* \* \*"

in this relation to the court should be of the court's choosing and under the supervision of the court, and other branches of the government should not be permitted to embarrass or frustrate judicial functions by the intrusion of incompetent or improper officers upon the courts. *Courts will defer to reasonable legislative regulation, but this deference is one of comity or courtesy rather than an acknowledgement of power.* This view is without doubt supported by the great weight of authority.

*Sharood,* 296 Minn. at 426, 210 N.W.2d at 281 (citation omitted) (emphasis supplied). Therefore, legislative enactments which purport to authorize certain classes to practice law in the courts of this state are not controlling upon the judiciary. As such, we reaffirm our conviction that a corporation must be represented by a licensed attorney when appearing in district court.

We have considered the petitioner's remaining arguments and find them to be without merit.

Affirmed.