*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0839**

Ahmadani Hassan Mohamed,
Respondent,

vs.

Eric Elijah Aaron,
Appellant.

**Filed March 23, 2015
Affirmed
Minge, Judge***

Scott County District Court
File No. 70-CV-13-21651

Ahmadani Hassan Mohamed, Minneapolis, Minnesota (pro se respondent)

Eric Elijah Aaron, Savage, Minnesota (pro se appellant)

Considered and decided by Hudson, Presiding Judge; Bjorkman, Judge; and Minge, Judge.

_____

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**MINGE**, Judge

Arguing that misconduct of the district court judge constituted reversible error, appellant Eric Aaron challenges the district court's decision in favor of Ahmadani Mohamed. We affirm.

## FACTS

In a bench trial subsequent to a conciliation court trial, the district court found the following facts: In April 2012, Mohamed purchased a 2008 Dodge Avenger from Aaron. Although Mohamed obtained possession of the vehicle, he never received a certificate of title. When Mohamed eventually learned that the Dodge was a salvaged vehicle, he contacted Aaron numerous times requesting a replacement. Ultimately, Aaron agreed to purchase a replacement vehicle, take back the salvaged Dodge, and pay Mohamed $1,150. In November 2012, Aaron purchased a replacement vehicle and gave it to Mohamed to drive, but did not provide him with a certificate of title or any other paperwork or pay him the $1,150 promised.

The district court found these additional facts: On December 11, 2012, Mohamed and his brother signed a vehicle-purchase-agreement form with Recycle Cars Minnesota, LLC—a resale car business owned by Aaron—for the replacement car. The agreement and an accompanying application for title were blank when Mohamed and his brother signed them. Aaron explained to Mohamed that Aaron would have the forms completed when Aaron's assistant came in. After Mohamed had made several more trips to Aaron's business requesting a certificate of title, Aaron applied for a new title and provided

2

Mohamed with license plates for the vehicle. On June 18, 2013, Aaron's business, Recycle Cars Minnesota, sent Mohamed and his brother a letter claiming that they had defaulted on their loan and demanded that the replacement vehicle be returned. The record indicates that, when Mohamed went to the Department of Motor Vehicles to renew the vehicle's tabs, he learned that Aaron's business held a lien on the car and that Aaron had inserted a greater purchase price when completing the blank purchase agreement and application for title.

Mohamed refused to make any payments, brought suit in conciliation court, and obtained judgment in his favor. Aaron appealed to the district court and a bench trial was held. After trial, the district court ordered entry of judgment in favor of Mohamed for $1,750 and ordered the issuance of a new title for the replacement vehicle, free and clear of any liens. Aaron appeals.

## D E C I S I O N

In this appeal, the only issues raised by Aaron pertain to the claim of errors, misconduct, and bias of the district court judge during the bench trial. Aaron alleges that the district court judge (1) exhibited unfair bias against Aaron; (2) failed to allow sufficient time for cross-examination; (3) failed to properly weigh the credibility of the witnesses; and (4) made improper evidentiary rulings.

Claims of judicial bias are outside the scope of review unless first raised in the district court. *Braith v. Fischer*, 632 N.W.2d 716, 725 (Minn. App. 2001), *review denied* (Minn. Oct. 24, 2001); *see* Minn. R. Civ. P. 63.03 (setting forth procedure for removal of a judge). This court has explained that such claims will not be considered when an

3

appellant fails to object during trial and makes no motion for recusal. *Gummow v. Gummow*, 375 N.W.2d 30, 34 (Minn. App. 1985). Because Aaron did not file a motion to remove the district court judge or otherwise raise the bias issue in the district court, the issue is not properly before us.

Additionally, Aaron did not file a motion for a new trial. Absent such a motion, this court does not review "issues arising during the course of trial," including conduct of the judge, trial procedure, and evidentiary rulings. *Alpha Real Estate Co. of Rochester v. Delta Dental Plan of MN*, 664 N.W.2d 303, 309 (Minn. 2003). Our review of the underlying judgment is limited to "substantive questions of law." *Alpha Real Estate Co.*, 664 N.W.2d at 311.

The supreme court has outlined the reasons for requiring motions for a new trial, stating that "[t]he benefits . . . are twofold: (1) they may eliminate the need for appellate review; or (2) if appellate review is sought, they facilitate development of critical aspects of the record." *Id.* at 309 (quotation omitted). Moreover, a motion for a new trial gives the district court "time to consider the context of the objection and the effect the error may have had on the outcome of the case. This permits the court to more fully develop the record for appellate review or to correct its own mistake and alleviate the need for appellate review." *Id.* at 310.

To summarize, the bias and trial-procedure matters raised by Aaron are subject to the requirement of prior motions in the district court. Thus, Aaron is barred from raising any of his issues on appeal. We nevertheless note that, even if the issues raised by Aaron

4

were properly before us, his assertions are not supported by the record.  For the benefit of the parties and because this is a pro se appeal, we address several of these matters briefly.

## 1.     Bias

Aaron argues that the district was biased against him.  In evaluating a claim of judicial bias, there is a "presumption that a [district] court judge has discharged his or her judicial duties properly," and a party alleging bias has the burden to establish allegations sufficient to overcome this presumption.  *McKenzie v. State*, 583 N.W.2d 744, 747 (Minn. 1998).  Aaron alleges that the district court exhibited bias through statements referencing Aaron's criminal history and place of national origin.  While a couple of the district court's comments may reflect a poor choice of words, they do not demonstrate a lack of impartiality sufficient to overcome the presumption disfavoring a determination of bias.  *See Hooper v. State*, 680 N.W.2d 89, 93 (Minn. 2004) ("While removal is warranted when the judge's impartiality might reasonably be questioned, a[n] [appellant's] subjective belief that the judge is biased does not necessarily warrant removal."); *McKenzie*, 583 N.W.2d at 747.

## 2.     Cross-Examination

Next, Aaron argues that the district court judge improperly limited his questioning of witnesses.  However, the judge did so only when questions were not relevant, referred to inadmissible testimony, asked the witness to repeat testimony about matters which the witness had already addressed, or were simply statements that contained no question at all.  Aaron's claim that the district court judge prematurely ended his cross-examination is belied by the record, which shows that the cross-examination ended when Aaron

5

voluntarily excused himself and left the courtroom. Thus, these allegations are without merit.

**3.      Credibility of the Witnesses**

Aaron argues that the district court did not properly weigh the credibility of the witnesses because it gave too much weight to the testimony of Mohamed's brother and ignored facts that would have otherwise discredited Mohamed's testimony.

A district court's findings, "whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Minn. R. Civ. P. 52.01. We accord "great deference to a [district] court's findings of fact because it has the advantage of hearing the testimony, assessing relative credibility of witnesses and acquiring a thorough understanding of the circumstances unique to the matter before it." *Hasnudeen v. Onan Corp.*, 552 N.W.2d 555, 557 (Minn. 1996). Appellate courts defer to the fact-finder's credibility determinations. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988). On appeal, this court will "neither reconcile conflicting evidence nor decide issues of witness credibility, which are exclusively the province of the factfinder." *Gada v. Dedefo*, 684 N.W.2d 512, 514 (Minn. App. 2004). Aaron's request that we reevaluate witness credibility violates the foregoing constraints on appellate review.

**4.      Evidentiary Rulings**

Aaron argues that the district court made improper rulings on a number of evidentiary matters. Aaron asserts the district court erred when it refused to admit into evidence damage estimates prepared by "some shop down the road" as inadmissible

hearsay. Rule 803(6) excepts from the hearsay rule records kept in the course of regularly conducted business activity, provided that a qualified witness testifies that it was the regular practice of the business to create that record. Minn. R. Evid. 803(6); *see also Nat'l Tea Co. v. Tyler Refrigeration Co.*, 339 N.W.2d 59, 62 (Minn. 1983) (stating that the business records exception requires foundational testimony by a qualified witness). Aaron admitted that he did not have a qualified witness who could testify that it was the regular practice of the business to create the damage estimate. Therefore, the district court correctly refused to admit it.

Next, Aaron alleges that it was improper to admit testimony regarding "illegally recorded conversations." This assertion misconstrues the record. Mohamed briefly testified that he had recorded some of his conversations with Aaron. No recordings were ever admitted into evidence. Instead, the district court relied on Mohamed's direct testimony about his conversations with Aaron. Aaron cites no authority standing for the proposition that a witness may not testify about a conversation simply because it was being recorded at the time. *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) (stating that we will not consider arguments lacking supporting arguments or authority unless prejudicial error is obvious on mere inspection).

Aaron further argues that it was improper for the district court to ignore the written contract when making its final determination. This is also not accurate, as the district court's order makes specific reference to the written contract, pointing out that it was blank when signed.

7

Finally, Aaron argues that the district court should have considered comments from a memorandum authored by the conciliation court judge. However, such reliance on conciliation court determinations would have been error because "[t]he conciliation court trial and the subsequent removal to district court are separate proceedings." *Nicollet Restoration, Inc. v. Turnham*, 475 N.W.2d 508, 510 (Minn. App. 1991), *aff'd*, 486 N.W.2d 753 (Minn. 1992).

**Affirmed**.