**Bryan REICHEL, et al., Respondents,**

v.

**Paul HEFNER, et al., Appellants.**

**No. C2-90-2589.**

Court of Appeals of Minnesota.

June 25, 1991.

Bradley K. Anderson, Anderson & Kelm, Sauk Rapids, for respondents.

Gregory S. Walz, Eller, Schiff & Kain, St. Cloud, for appellants.

Considered and decided by HUSPENI, P.J., and PARKER and PETERSON, JJ.

## OPINION

PARKER, Judge.

Bryan S. Reichel and a corporation controlled by him ("Reichel") obtained a default judgment against Paul Hefner and Sharon R. Yackley ("Hefner") in conciliation court. Hefner attempted to remove that action to district court. This appeal raises the question of the propriety of service of the purported removal. We affirm.

## FACTS

Reichel paid Hefner $1,465 as advance expenses to broker a $3.5 million construction loan. After Hefner failed to broker the loan, Reichel commenced an action against him in conciliation court for the return of the advance expenses. Reichel obtained a default judgment against Hefner.

Hefner personally gave Reichel his "Demand for Removal and Affidavit" by handing it to and leaving it with him. Hefner also filed with the clerk of court his demand for removal, affidavit of service and affidavit of good faith. *See* Minn.R.Conciliation Cts. 1.21.

Reichel moved the trial court to dismiss the case, arguing Hefner's service of the notice of removal was improper. The trial court granted Reichel's motion; Hefner appeals from this order and judgment.

After Hefner attempted to remove the conciliation court case to district court, Reichel commenced an action in district court against Hefner for expenses incurred in reliance on Hefner's assurances regarding the construction loan. The removal from conciliation court and the district court action were assigned to one trial judge.

## ISSUES

1. Did Hefner properly remove the conciliation court action to district court by personally handing his notice of removal to Reichel?

2. Did Reichel waive the jurisdiction issue as to the conciliation court action?

3. Should attorney fees be imposed as a sanction against Hefner's counsel?

## DISCUSSION

This case presents a legal question of whether Hefner complied with Minn.R.Conciliation Cts. 1.21. In *Wilkie v. Allied Van Lines, Inc.*, 398 N.W.2d 607, 610 (Minn. App.1986), this court stated that "questions of civil procedure are questions of law and this court need not defer to the conclusions of law drawn by the trial court from undisputed facts."

### I

Hefner argues that Minn.R.Conciliation Cts. 1.21, subd. 2, requires an aggrieved party to serve an opposing party. He claims that service by a nonparty is contrary to this rule and common practice.

When granting Reichel's motion to dismiss Hefner's removal from conciliation court, the trial court reasoned:

> [N]otice was not properly served. Paul Hefner, a party in this matter, personally served Bryan Reichel, another party in this case. Minn.R.Civ.P. 4.02 clearly prohibits this. Therefore [Hefner's] appeal must be dismissed.

In order to remove a conciliation court action to the district court for trial de novo, the aggrieved party must

> [s]erve on the opposing party, by *personal service*, a demand for removal of the cause to county court for trial de novo, stating whether trial demanded is to be by court or jury; the demand shall indicate name, address, and telephone number of the aggrieved party's attorney, if any.

Minn.R.Conciliation Cts. 1.21 (emphasis added). A party is prohibited from making personal service. *See* Minn.R.Civ.P. 4.02 and 4.03. Minn.R.Civ.P. 4.02 provides:

> [T]he sheriff or any other person not less than 18 years of age and *not a party to*

the action, *may make service of summons or other process.*
(Emphasis supplied.)

■ Although the parties did not brief or raise this rule on appeal, we note that the rules of conciliation court are not designed to authorize an appeal to district court after a default judgment.[1] Assuming the cause to be removable, we hold that since the parties are entitled to a trial de novo, the removal from conciliation court to district court constitutes commencement of a civil action. Accordingly, the Rules of Civil Procedure are fully applicable, and a nonparty must make personal service.

These rules may be confusing to lay persons, who often represent themselves in conciliation court. The phrase "personal service" might suggest that the party aggrieved is to effectuate service himself. The meaning of the phrase in the Rules of Civil Procedure is otherwise. Conciliation courts attempt to inform parties that, upon removal, they may need the advice of an attorney.[2]

It would be a considerable public service for conciliation court rules to specify that, upon removal, the Rules of Civil Procedure apply. Amendments to the language may be necessary to avoid confusion in the minds of lay persons.

## II

■ Hefner makes a claim of purported waiver on the ground that the action commenced by Reichel in the district court concerns the same issues as the conciliation court matter. A party does not waive jurisdiction of the conciliation court by commencing a separate action in the district court.

Reichel claims the district court action is different from the conciliation court action. Hefner has the opportunity to plead res judicata or collateral estoppel in the district court action as to any claim or issue purportedly resolved by the conciliation court judgment.

## III

■ We think the appeal to this court of the attempted removal presents a valid controversy. Other issues, however, have been raised in the brief and argument which violate the January 15, 1991 order of the chief judge of this court. Hefner's counsel addressed issues which this court has declared nonappealable. Therefore, we order reasonable attorney fees assessed as a sanction against Hefner's counsel for time spent addressing issues other than the removal question.

Counsel for Reichel shall submit, within ten days of release of this opinion, an affidavit setting forth his claim for reasonable attorney fees incurred in answering extraneous issues, together with supporting records. Within ten days after Reichel's counsel submits his claim for attorney fees, Hefner's counsel may respond to the reasonableness of the fees claimed.

## DECISION

The trial court properly dismissed Hefner's removal of the conciliation court case to district court, as the service of the notice of removal was improper. We order Hef-

---

1. Minn.R.Conciliation Cts. 1.21, subd. 1, provides:
   Any person aggrieved by an order for judgment entered by a conciliation judge *after contested hearing* may remove the cause to county court for trial de novo.
   (Emphasis supplied.) The rules provide for a motion to vacate the default judgment on several specific grounds. *See* Minn.R.Conciliation Cts. 1.20, subds. 1, 2.

2. For example, Hennepin County's conciliation court brochure states:
   APPEAL PROCEDURES ARE MORE COMPLEX THAN THOSE FOR THE ORIGINAL FILING. ALTHOUGH IT IS NOT REQUIRED, IT IS SUGGESTED THAT THE APPEALING PARTY BE REPRESENTED BY AN ATTORNEY. THE CLERKS OF THIS COURT ARE NOT ATTORNEYS AND CANNOT PRACTICE LAW SO THEY CANNOT ASSIST YOU IN PREPARING YOUR APPEAL.
   This brochure is helpful to conciliation court parties, and other counties might use it as a guide.
   We note that the brochure explains that personal service for appeal from conciliation court "must be made by someone who is not a party to the action and must not be made on Sunday or a legal holiday."

ner's counsel to pay reasonable attorney fees incurred by Reichel in responding to this appeal.

Affirmed.