**Mark R. WILKINS, Raymond C. Wilkins, Respondents,**

v.

**CITY OF GLENCOE, Appellant.**

**No. CX–91–1300.**

Court of Appeals of Minnesota.

Jan. 14, 1992.

Mark R. Wilkins, Raymond C. Wilkins, pro se.

Mary Beth Heinen, League of Minnesota Cities, St. Paul, for appellant.

Considered and decided by RANDALL, P.J., and NORTON and AMUNDSON, JJ.

## OPINION

RANDALL, Judge.

The trial court denied a demand for removal of a conciliation court case to district court as untimely. We reverse.

## FACTS

The basement of respondents' house was flooded by rain on July 26 and July 27, 1990, because appellant's storm sewer lines were blocked. The flooding was substantial; at one time there was approximately six feet of water in the basement. The water sat for four or five days while appel-

lant tried to fix the problem. Respondents sued appellant in conciliation court for negligently maintaining the storm sewer lines resulting in property damage and subsequent repairs. The court ruled in favor of respondents in the amount of $2,133.90.

The court mailed its judgment and notice of judgment to appellant on May 31, 1991. Appellant mailed its demand for removal on June 20, 1991. The demand was received by the court on June 21, 1991, 21 days after the judgment and notice of judgment were mailed to appellant. The district court denied the demand for removal as untimely and also denied a subsequent motion for reconsideration. This appeal followed.

## ISSUE

Does Minn.R.Civ.P. 6.05 apply to removal of a conciliation court case to district court under Minn.R.Conciliation Cts. 1.21. Are there three extra days for removal since the court judgment and notice of judgment were mailed?

## ANALYSIS

▮ Review of civil procedure questions is de novo. *Reichel v. Hefner,* 472 N.W.2d 346, 347 (Minn.App.1991) (citing *Wilkie v. Allied Van Lines, Inc.,* 398 N.W.2d 607, 610 (Minn.App.1986)).

> Minn.Stat 487.30, subd. 9 (1990) provides: A person aggrieved by an order for judgment by a conciliation court judge after a contested hearing may remove the cause to * * * district court by performing the removal procedures specified by the rules of the supreme court within 20 days after the date the court administrator mailed notice of the judgment order to that person. * * *

Removal is perfected when all removal papers are properly filed and fees paid. Minn.R.Conciliation Cts. 1.21, subd. 5.[1] Four steps must be completed: 1) service on opposing party of demand for removal, 2) filing of the original demand for removal with the clerk of conciliation court, 3) filing of an affidavit, and 4) payment of a fee. Minn.R.Conciliation Cts. 1.21, subd. 2.

Appellant timely completed service on the opposing party of the demand for removal by mailing the demand on June 20, 1991, since service by mail is complete upon mailing. Minn.R.Civ.P. 5.02. However, the original demand for removal, the affidavit, and the fee were not received by the clerk of conciliation court until June 21, 1991, 21 days after the court judgment and notice of judgment were mailed to appellant. Thus, the district court found the demand for removal one day late and untimely.

▮ Appellant contends there are an extra three days available for filing under Minn.R.Civ.P. 6.05 since the court judgment and the notice of judgment were mailed to appellant. We agree. The Minnesota Rules of Civil Procedure apply to conciliation court proceedings which are removed to district court. *Reichel,* 472 N.W.2d at 348. Minn.R.Civ.P. 6.05 provides:

> Whenever a party has the right or is required to act within a prescribed period after service of a notice or other paper upon the party * * * and the notice or paper is served by mail, three days shall be added to the prescribed period.

The demand for removal was therefore timely since it was received by the court within 23 days.

This case is distinguished from other proceedings which are not governed by Minnesota Rules of Civil Procedure pursuant to Minn.R.Civ.P. 81.01 when the rules are inconsistent with statutory provisions. Those provisions are listed in Appendix A of the rules. For example, eminent domain proceedings under chapter 117 are not governed by the rules when inconsistent. Minn.R.Civ.P. 81.01(a); Appendix A. However, *conciliation court proceedings are not listed in Appendix A.* Therefore there is no exception and the Minnesota Rules of Civil Procedure apply.

---

1. We note the Minnesota Rules of Conciliation Court have been repealed effective January 1, 1992, by order of the Minnesota Supreme Court dated September 5, 1991. Since this proceeding took place before the effective date, the change does not affect this case.

**432**

In *Kenzie v. Dalco Corp.*, 309 Minn. 495, 245 N.W.2d 207 (1976), Minn.Stat. § 268.10, subd. 8 (1974) was construed. That statute allowed a 30 day period for service of a writ of certiorari after the date a notice of decision was mailed. The court added the three day extension under Minn.R.Civ.P. 6.05 and Minn.R.Civ.App.P. 126.01 to this time period.

The statute here, Minn.Stat. § 487.30, subd. 9, contains similar language requiring demand for removal to be filed within 20 days after the date the court administrator mailed notice of the judgment order. Minn.R.Civ.P. 6.05 provides for an additional three days when a notice is mailed. Therefore, appellant had 23 days in which to file the demand for removal. Since the demand for removal was filed on the 21st day, it was timely. *See also Flame Bar, Inc. v. City of Minneapolis*, 295 N.W.2d 586, 587 (Minn.1980) (statute requiring review proceedings to be instituted within 30 days after service by mail of the decision authorized a 33 day period for review).

### DECISION

Minn.R.Civ.P. 6.05 applies to removal of conciliation court pursuant to Minn.R.Conciliation Cts. 1.21. Thus, on these facts, there were an extra three days to file the demand for removal since the judgment and notice of judgment were mailed to appellant. Therefore, appellant's demand for removal filed on the 21st day was timely.

Reversed.