George M. ROEHRDANZ, Respondent,

v.

Toby BRILL, Appellant.

No. CX–03–137.

Court of Appeals of Minnesota.

Aug. 26, 2003.

Review Granted Oct. 29, 2003.

Andrew D. Parker, Ryan P. Winkler, Smith Parker, P.L.L.P., Minneapolis, MN, for appellant.

George M. Roehrdanz, Minneapolis, MN, attorney pro se.

Considered and decided by
PETERSON, Presiding Judge,
LANSING, Judge, and WRIGHT, Judge.

## OPINION

WRIGHT, Judge.

After respondent sued appellant in conciliation court for unpaid legal fees, respondent removed the matter to district court, where a default judgment was eventually entered. The district court denied appellant's motion to vacate the default judgment, finding that appellant was properly served. Appellant contends that service was ineffectual because respondent did not comply with Minn. R. Civ. P. 4.05, which requires an acknowledgment of service by mail. We reverse.

## FACTS

On May 7, 2002, respondent George Roehrdanz brought a conciliation court action against appellant Toby Brill for unpaid legal fees. The complainant listed Brill's address as 1212 Yale Place in Minneapolis, and it was personally served on her by a Hennepin County deputy sheriff. Brill filed a counterclaim, on which she listed her address as "5115 Excelsior Blvd." Brill alleged that she did not reside at 1212 Yale Place and that 5115 Excelsior Boulevard was her proper mailing address. A hearing was held on June 17, 2002, and the conciliation court issued a judgment that awarded no damages to either party.

On July 2, 2002, Roehrdanz filed a demand for removal to district court and mailed a copy to Brill, using the 1212 Yale Place address. The demand did not contain an acknowledgment of service, and Brill did not send an acknowledgment of service to Roehrdanz. Brill did not appear for the October 18, 2002, post-removal hearing. On October 29, 2002, the district court entered a default judgment, awarding Roehrdanz $7,500. On November 7, 2002, after opening mail sent to the 1212 Yale Place address, Brill learned of the removal action and the default judgment. She moved to vacate the default judgment, and the district court denied her motion. Brill now appeals.

## ISSUE

Where respondent did not send or receive an acknowledgment of service in accordance with Minn. R. Civ. P. 4.05, was service of process effectuated by mail?

## ANALYSIS

Whether service of process is proper and effectual is a question of law, which we review de novo. *Turek v. A.S.P. of Moorhead, Inc.*, 618 N.W.2d 609, 611 (Minn.App.2000), *review denied* (Minn. Jan. 26, 2001); *Leek v. Am. Express Prop. Cas.*, 591 N.W.2d 507, 508 (Minn.App. 1999), *review denied* (Minn. July 7, 1999). Citing Rule 4.05 of the Minnesota Rules of Civil Procedure, which provides that service by mail is ineffectual if an acknowledgement is not received by the sender, Brill argues that Roehrdanz's service of the demand for removal was ineffectual because he did not send or receive an acknowledgment of service. Although Brill raised this issue at the hearing on the motion to vacate the default judgment, the district court did not expressly address Brill's argument when it found that service was proper.

Rule 4.05 provides, in pertinent part:

In any action service may be made by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and *acknowledgment* conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the send-

er. *If acknowledgment of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual.*

Minn. R. Civ. P. 4.05 (emphasis added). "Rule 4.05 requires strict compliance to procedure in order to perfect service." *Coons v. St. Paul Cos.*, 486 N.W.2d 771, 776 (Minn.App.1992), *review denied* (Minn. July 16, 1992). "Service of process in a manner not authorized by the rule is ineffective service." *Turek*, 618 N.W.2d at 611 (quotations omitted). When service of process is invalid, the district court lacks jurisdiction to consider the case, and the case is properly dismissed. *Lewis v. Contracting Northwest, Inc.*, 413 N.W.2d 154, 157 (Minn.App.1987).

 Roehrdanz counters that service of the demand was proper because it complied with the General Rules of Practice for the District Courts governing conciliation court actions. *See* Minn. R. Gen. Pract. 501–525 (conciliation court rules). Regarding removal of an action from conciliation court to district court, Rule 521 provides:

> To effect removal, the aggrieved party must perform all the following * * *: (1) Serve on the opposing party or the opposing party's lawyer a demand for removal of the cause to district court for trial de novo. Service shall be by first class mail. Service may also be by personal service in accordance with the provisions for personal service of a summons in district court.

Minn. R. Gen. Pract. 521(b). The rules of general practice regarding conciliation court do not address sending or receiving an acknowledgment of service. Resolution of the parties' dispute, thus, requires us to determine which set of rules—the Minnesota Rules of Civil Procedure or the General Rules of Practice governing con-

ciliation court—governs the service of a demand for removal to district court.

The Minnesota Rules of Civil Procedure list the actions to which they apply. The rules "govern the procedure in the district courts of the State of Minnesota in all suits of a civil nature, with the exceptions stated in Rule 81." Minn. R. Civ. P. 1. Rule 81.01(a) exempts proceedings listed in Appendix A from the scope of the rules of civil procedure when they are inconsistent with the statutory provisions governing the proceedings listed in Appendix A. Appendix A does not list conciliation court proceedings as exempt; and under Rule 81.01(c), except for the proceedings listed in Appendix A, the Minnesota Rules of Civil Procedure supercede any statutes that are inconsistent with them.

In addition, we have previously addressed the applicability of the Minnesota Rules of Civil Procedure to the removal of a case from conciliation court to district court. In *Wilkins v. City of Glencoe*, which required us to determine the time limits for removal, we held that "[t]he Minnesota Rules of Civil Procedure apply to conciliation court proceedings which are removed to district court." 479 N.W.2d 430, 431 (Minn.App.1992) (citation omitted). In *Wilkins*, the demand of a party seeking removal was received by the district court 21 days after notice of judgment was mailed to the party. *Id.* The applicable conciliation court rule provided a 20-day deadline for removal, but Rule 6.05 of the Minnesota Rules of Civil Procedure permitted an additional three days because the demand for removal was served by mail. *Id. Compare* Minn. R. Civ. P. 6.05 (providing that, when notice is served by mail, three days shall be added to the period allowed for service) *with* Minn. Stat § 487.30, subd. 9 (1990) (providing that procedures for removal from conciliation court must be performed within 20 days of

mailing of notice of judgment order), *repealed* 1993 Minn. Laws ch. 321, § 7.[1] Thus, in resolving the conflict, we concluded that Rule 6.05 controlled, in light of Minn. R. Civ. P. 81 and the precedent established in *Reichel v. Hefner*, 472 N.W.2d 346 (Minn.App.1991).

■■ In *Reichel*, we were required to determine whether the Minnesota Rules of Civil Procedure applied to the removal of a case from conciliation court to district court or whether the Minnesota Rules of Conciliation Court controlled. *Id.* at 347–48. *Compare* Minn. R. Civ. P. 4.02 (prohibiting a party to an action from making service) *with* Minn. R. Conciliation Cts. 1.21 (1990) (requiring that aggrieved party serve opposing party by personal service). The parties disputed whether service of process was effective when a party in a conciliation court action removed the case to district court. *Id.* at 347. Specifically at issue was whether a party was prohibited from personally serving the opposing party. *Id.* We concluded that the Minnesota Rules of Civil Procedure governed. *Id.* at 348. We are mindful that *Reichel* and the instant case are distinguishable in that the conciliation court action in *Reichel* resulted in a default judgment, not a judgment pursuant to a contested hearing, as in the case here. *Id.* But this distinction does not render inapposite our conclusion in *Reichel* that, "since the parties are entitled to a trial de novo, the removal from conciliation court to district court constitutes commencement of a civil action" governed by the Minnesota Rules of Civil

Procedure. *Id.* Here, where the parties were likewise entitled to a trial de novo pursuant to Minn. R. Gen. Pract. 521(b), we conclude that a civil action was commenced upon removal, thereby requiring service in conformity with Minn. R. Civ. P. 4.05.

Roehrdanz argues that, because Rule 521(b) specifically covers the method of service in removal actions from conciliation court, there is no reason to refer to the civil procedure rules. We acknowledge that this conciliation court rule does not inform a litigant that the Minnesota Rules of Civil Procedure apply upon removal.[2] But this argument is unavailing in light of Rule 81, which does not exempt conciliation court from the application of the Minnesota Rules of Civil Procedure and explicitly provides that these rules supercede any conflicting statutes, along with the precedent established in *Wilkins* and *Reichel*. Both cases explain that removal of a conciliation court action constitutes the commencement of a civil action. *Wilkins*, 479 N.W.2d at 432; *Reichel*, 472 N.W.2d at 348. Although *Wilkins* and *Reichel* addressed other requirements of the service rules, we conclude that their holdings apply with equal force here, where effectuating proper service by mail with the requisite acknowledgement of service is at issue.

Because Rule 4.05 applies to Roehrdanz's removal to district court, service was ineffectual, and the district court lacked jurisdiction over this case. Without juris-

---

1. When *Wilkins* was decided (prior to the conciliation court rules merging into the General Rules of Practice for the District Courts), the predecessor to the current conciliation court rules were the Minnesota Rules for Conciliation Courts. Minn. R. Conciliation Cts. 1.21. The conciliation court rule at issue in *Wilkins*, however, was amended by Minn. Stat § 487.30, subd. 9 (1990), 1987 Minn. Laws ch. 221, § 5, and repealed in 1993. 1993 Minn. Laws ch. 321, § 7.

2. Accordingly, we concur with the *Reichel* court's observation that "[i]t would be a considerable public service for conciliation court rules to specify that, upon removal, the Rules of Civil Procedure apply." *Reichel*, 472 N.W.2d at 348.

diction to enter the default judgment, the district court was required to grant Brill's motion to vacate the default judgment as void and dismiss Roehrdanz's claim in district court. *See* Minn. R. Civ. P. 60.02 (providing for relief from judgment when judgment is void); *Turek,* 618 N.W.2d at 613 (stating that default judgment was void for lack of jurisdiction when service was improper); *Lewis,* 413 N.W.2d at 157 (stating that it is proper to dismiss case when service of process is invalid).

## DECISION

The district court erred when it denied Brill's motion to vacate the default judgment. Because Roehrdanz failed to effectuate proper service by mail, the default judgment against Brill is void for lack of jurisdiction.

**Reversed; judgment vacated.**

LANSING, Judge (dissenting).

The dispositive question in this case is how to serve an appeal from a conciliation court decision. George Roehrdanz served Toby Brill by first class mail with a demand for removal to district court. The majority concludes that the notice of removal or appeal is ineffective because Roehrdanz was required to serve Brill under Rule 4.05 of the Minnesota Rules of Civil Procedure. I respectfully disagree. The conciliation court rules allow the notice for removal to be served by first class mail. Minn. R. Gen. Pract. 521(b)(1). Roehrdanz could have effectively served Brill under the rules of civil procedure, but service by first class mail is equally effective.

The conciliation court rules are included in the General Rules of Practice for the District Courts. Rule 521 provides that a person who is "aggrieved by an order for judgment entered in conciliation court" may "remove the cause" or appeal to the district court for trial de novo. Minn. R. Gen. Pract. 521(a). Under the rules, the demand for removal may be served on the opposing party in either of two ways. Minn. R. Gen. Pract. 521(b)(1). The rules provide: "[s]ervice shall be by first class mail," or "[s]ervice may also be by personal service in accordance with the provisions for personal service of a summons in district court." *Id.*

I do not agree with the majority's conclusion that the Minnesota Rules of Civil Procedure supersede the General Rules of Practice for the District Courts on the method of service for an appeal from conciliation court to the district court. The rules of civil procedure specifically provide that "[t]hese rules do not supersede the provisions of statutes relating to appeals to the district courts." Minn. R. Civ. P. 81.02. Appeal by removal to the district court is addressed in Minn.Stat. § 491A.02. The statute provides that the right of appeal from the decision of the conciliation court by removal to the district court will be governed by the rules promulgated by the supreme court. Minn. Stat. § 491A.02, subd. 6 (2002). The conciliation court rules promulgated by the supreme court are set forth in the General Rules of Practice for the District Courts, which contain the alternative provision for service by first class mail *or* in accordance with the rules of civil procedure.

The two previous Minnesota Court of Appeals decisions that the majority relies on to confirm the application of the Minnesota Rules of Civil Procedure do not directly address whether the notice to remove may be served by first class mail. The cases instead address service issues that are not directly covered by the General Rules of Practice for the District Courts. *See Wilkins v. City of Glencoe,* 479 N.W.2d 430, 431 (Minn.App.1992) (permitting an additional three days when de-

mand for removal is served *by mail* ); *Reichel v. Hefner*, 472 N.W.2d 346 (Minn.App. 1991) (determining whether party to action is disqualified from personally serving opposing party). I read these cases to stand for the proposition that the rules of civil procedure apply once the case has been removed to district court, and, before removal, they are a source of instructive information on questions not resolved by the General Rules of Practice for the District Courts.

I agree that after the case has been removed to district court the rules of civil procedure apply. *Reichel,* 472 N.W.2d at 348 (holding that rules of civil procedure apply upon removal to district court). But the method of serving the notice of removal or appeal to the district court is governed by the conciliation court rules, and the district court correctly determined that service by mail is effective to appeal from conciliation court by removing the case to the district court.