**George M. ROEHRDANZ, Appellant,**

v.

**Toby BRILL, Respondent.**

**No. CX-03-137.**

Supreme Court of Minnesota.

July 15, 2004.

David F. Herr, Laurie A. Kindel, Maslon Edelman Borman & Brand, LLP, George M. Roehrdanz, Minneapolis, MN, for Appellant.

Andrew D. Parker, Ryan P. Winkler, Smith Parker, PLLP, Minneapolis, MN, for Respondent.

William M. Hart, Damon L. Highly, Meagher & Geer, PLLP, Galen Robinson, Legal Aid Society of Minneapolis, Minneapolis, MN, for amicus Legal Aid Society of Minneapolis.

## OPINION

MEYER, Justice.

We are asked to decide the proper method for service of a demand to remove a conciliation court action to district court. The court of appeals held that service by mail of a demand for removal to district court is not effective unless the responding party returns an acknowledgment of service as required by Minn. R. Civ. P. 4.05. We reverse and hold that a party appealing a conciliation court judgment may effectively serve a demand for removal by mail without receiving an acknowledgment of service. We also hold that the district court did not abuse its discretion in refusing to vacate a default judgment entered against respondent Toby Brill.

On May 7, 2002, George Roehrdanz, the appellant, filed a statement of claim in conciliation court for the collection of $7,500 in attorney fees against his former client, Toby Brill. A Hennepin County sheriff personally served a summons on Brill on May 13, 2002, at 1212 Yale Place, Minneapolis, pursuant to Minn. Gen. R. Prac. 508(d)(1). Brill responded to Roehrdanz's statement of claim and filed a counterclaim that stated her address as 5115 Excelsior Boulevard, Minneapolis. The conciliation court held a hearing on June 17, 2002, and awarded no damages to either party and entered judgment accordingly. The next day, the district court administrator mailed a notice of judgment to the parties. The court sent the notice to Brill at 1212 Yale Place, the address where she had been personally served with the complaint.

On July 2, 2002, within 20 days of the mailing of the conciliation court judgment as required by Minn. Gen. R. Prac. 521(b), Roehrdanz filed a demand for removal of the case to district court on a form provided by the district court. On the same day, Roehrdanz mailed a copy of the demand for removal to Brill at 1212 Yale Place. The demand for removal did not contain an acknowledgment of service by mail. On July 9, 2002, the district court mailed to Brill at 1212 Yale Place a "Notice of Judicial Officer Assignment," and on July 17, 2002, an order setting the date for trial. Brill did not appear at the October 18, 2002, trial. The court proceeded with a default hearing and at the hearing Roehrdanz offered proof of the debt that Brill owed him. On October 29, 2002, the district court entered a default judgment against Brill in the amount of $7,949.06 and mailed notice of the default judgment to 1212 Yale Place.

On November 18, 2002, Brill moved to vacate the default judgment, claiming that she did not reside at 1212 Yale Place and therefore did not receive the demand for removal until after the default judgment had been entered. She asserted that Roehrdanz's service of the demand for removal was ineffective because it did not contain an acknowledgment of service and therefore did not comply with the requirements for service by mail set forth in Minn. R. Civ. P. 4.05.

The district court held a hearing at which it considered conflicting affidavits submitted by Brill and Roehrdanz. Brill submitted an affidavit that alleged that she did not reside at 1212 Yale Place and

therefore did not receive the demand for removal until after the default judgment had been entered. She stated that she moved to a new address in May 2002 and first learned of the default judgment on November 7, 2002, when she collected her mail at 1212 Yale Place. Roehrdanz submitted an affidavit from Brill's landlord, which stated that Brill was a tenant at 1212 Yale Place from 1993 through November 2002 and that, around the time of the default judgment, the landlord frequently observed Brill's van in the building's parking lot. Roehrdanz submitted his own affidavit, in which he claimed that he knew Brill resided in the vicinity of 1212 Yale Place because he had seen her at various neighborhood functions. He claimed to have confirmed his belief by checking Brill's address in the Minneapolis white pages before he filed the conciliation court action. The affidavit also stated that he assumed the Excelsior Boulevard address was the location of Brill's office, as her business letterhead listed her address as "5115 Excelsior Boulevard, Suite 401."

The district court found that 5115 Excelsior Boulevard was a Mailboxes Etc. location where Brill had maintained a post office box for many years. The court found that 1212 Yale Place was, at all relevant times, Brill's home address.[1] In addition to relying on affidavits, the court noted that Brill failed to offer any proof, such as a driver's license or utility bill, that she resided somewhere other than 1212 Yale Place. Based upon the evidence, the district court concluded that Brill did not have a reasonable excuse for her failure to appear at the October 18 hearing and denied the motion to vacate the judgment.

Brill appealed the denial of her motion to vacate the default judgment. The court of appeals reversed the district court, hold-ing that Roehrdanz's attempt to serve Brill by mail with the demand for removal to district court was ineffective because Roehrdanz did not receive an acknowledgment of service from Brill, as required by Minn. R. Civ. P. 4.05. *Roehrdanz v. Brill,* 668 N.W.2d 217, 221 (Minn.App.2003). Because the court concluded that service was ineffective, it reasoned that the district court did not have jurisdiction over the removed action. *Id.* We granted Roehrdanz's petition for review and issued an interim order that allowed litigants to perfect removal by following either the procedures of Minn. Gen. R. Prac. 521(b) or Minn. R. Civ. P. 4.05.

## I.

█ The first question in this case is whether a litigant may remove an action to district court by following the procedure set forth in Rules 501–525 of the General Rules of Practice, the rules we specifically promulgated to govern practice in conciliation courts, or whether the litigant must follow the more complicated procedure for service required for initiating a civil action under the Rules of Civil Procedure. Whether service of process was effective is a question of law that we review de novo. *Patterson v. Wu Family Corp.,* 608 N.W.2d 863, 866 (Minn.2000).

Minnesota Statutes § 491A.02, subds. 6–9 (2002), relates to appeals from conciliation courts to district courts. Subdivision 6 of section 491A.02 states that the rules for conciliation courts promulgated by this court, Rules 501–525 of the General Rules of Practice, "must provide for a right of appeal from the decision of the conciliation court by removal to the district court for a trial de novo." Pursuant to section 491A.02, we promulgated Rule 521, enti-

---

1. The sheriff personally served Brill with the statement of claim at 1212 Yale Place on May 13, 2002, the month in which she alleged she moved to a different address.

tled "Removal (Appeal) to District Court," which provides in relevant part:

> (b) To effect removal, the aggrieved party must perform all the following within twenty days after the date the court administrator mailed to that party notice of the judgment order:
>
>> (1) Serve on the opposing party or the opposing party's lawyer a demand for removal of the cause to district court for trial de novo. *Service shall be by first class mail.* Service may also be by personal service in accordance with the provisions for personal service of a summons in district court.

Minn. Gen. R. Prac. 521(b)(1) (emphasis added).

The General Rules of Practice do not require the return of an acknowledgment of service. On the other hand, service of a summons and complaint under the Rules of Civil Procedure may be accomplished by mail *only if* an acknowledgment of service is returned:

> In any action service may be made by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender. *If acknowledgment of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual.*

Minn. R. Civ. P. 4.05 (emphasis added).

The Rules of Civil Procedure contain several provisions that define the scope of the rules. Rule 1 specifies that the Rules of Civil Procedure govern the procedure in district courts "with the exceptions stated in Rule 81." Minn. R. Civ. P. 1. Rule 81.01(a) excepts from the rules "pleadings, practice and procedure in the statutory and other proceedings listed in Appendix A insofar as they are inconsistent or in conflict with the rules." Appeals from conciliation court to district court are not listed in Appendix A. However, Rule 81.02, entitled "Appeals to District Courts," states that the Rules of Civil Procedure "do not supersede the provisions of statutes relating to appeals to the district courts."

The court of appeals concluded that the service requirements of the Rules of Civil Procedure apply to actions that are removed from conciliation court, basing its decision on the notion that removal to district court constitutes commencement of a new civil action. Because the removal is tantamount to the commencement of a new civil action, the court reasoned that the Rules of Civil Procedure control. The court found support for this reasoning in two court of appeals decisions: *Wilkins v. City of Glencoe,* 479 N.W.2d 430, 432 (Minn.App.1992), and *Reichel v. Hefner,* 472 N.W.2d 346, 348 (Minn.App.1991).

Brill urges this court to affirm the court of appeals and hold that service by mail of a demand for removal is effective only if an acknowledgment of service is returned, as required by the Rules of Civil Procedure. She relies heavily on the statements in Rules 1 and 81.01 that the Rules of Civil Procedure govern all actions unless they are specifically excepted in Appendix A of the rules. Brill urges us to adopt the court of appeals' conclusion that removal initiates a new civil action and hold that the service requirements of Minn. R. Civ. P. 4.05 apply to the removal of actions from conciliation court to district court.

Roehrdanz argues that the General Rules of Practice do not conflict with the Rules of Civil Procedure in that they are specifically tailored to conciliation court actions. He notes that conciliation court ac-

tions are merely a subset of district court civil actions which, because of the small amount in controversy, may be heard in a less formal forum. *See* Minn.Stat. § 491A.01, subd. 1 (2002) ("The district court in each county shall establish a conciliation court division with the jurisdiction and powers set forth in this chapter"). Accordingly, Roehrdanz disputes the applicability of the court of appeals' decisions in *Reichel* and *Wilkins* that a new civil action is commenced when it is removed to district court. Additionally, Roehrdanz argues that the court of appeals' decision in this case creates an unworkable regime, essentially forcing parties to forgo the streamlined procedures for removal set forth in the General Rules of Practice and instead initiate personal service under the Rules of Civil Procedure.

We do not agree with Roehrdanz's position that the General Rules of Practice do not conflict with the Rules of Civil Procedure. It is fair to say that the more specific rule under the General Rules of Practice is in conflict with the more general rule under the Rules of Civil Procedure. We resolve that conflict by applying the specific rule over the general rule. *See State v. Ronquist,* 600 N.W.2d 444, 447 (Minn.1999) (stating that specific statutes govern over general statutes); *Nguyen v. State Farm Mut. Auto. Ins. Co.,* 558 N.W.2d 487, 490 (Minn.1997) (stating that the rules of statutory construction apply to interpretation of court rules). Under Rule 521(b) of the General Rules of Practice, Roehrdanz may have accomplished removal by either personal service or service by first-class mail. Because Roehrdanz served the demand for removal by first-class mail in accordance with Rule 521, service was effective.

■ We share Roehrdanz's concerns about the practical effects of the court of appeals' holding. An aggrieved party is required to remove an action within 23 days of the mailing of a conciliation court decision. Minn. Gen. R. Prac. 521(b) (establishing 20–day time limit) & 1993 Comm. Cmt. (adopting holding of *Wilkins,* 479 N.W.2d at 431, that a party receives a three-day extension if notice of judgment is mailed). If service were not effective until an acknowledgment of service was returned, a party receiving a demand for removal by mail could easily thwart an appeal by simply refusing to return the acknowledgment of service. As a practical matter, the possibility of losing the right to remove to the district court would force parties to initiate the costly and complicated procedure of personal service.

For all of these reasons, we reverse the court of appeals and hold that Roehrdanz effectively served Brill with the demand for removal of their action to district court. Because service was effective, the district court did not lack jurisdiction to enter default judgment against Brill.

II.

We next decide whether the district court abused its discretion by denying Brill's motion to vacate the default judgment against her. *See* Minn. R. Civ.App. P. 103.04 (providing that the appellate courts "may review any order involving the merits or affecting the judgment"). The court of appeals did not reach this issue.

■ This court will not overturn a ruling on a motion to vacate a default judgment unless the district court abused its discretion. *Foerster v. Folland,* 498 N.W.2d 459, 460 (Minn.1993). We give deference to the factual findings of the district court unless they are clearly erroneous. *Fletcher v. St. Paul Pioneer Press,* 589 N.W.2d 96, 101 (Minn.1999). The discretion of the district court in opening a default judgment is particularly broad when the court's decision is based upon an

evaluation of conflicting affidavits. *Roe v. Widme,* 191 Minn. 251, 252–53, 254 N.W. 274, 275 (1934).

▮ Rule 60.02 of the Rules of Civil Procedure allows a district court to relieve parties of the effects of adverse judgments. District courts decide requests for relief from judgment under Rule 60.02 by the application of a four-prong test enunciated in *Finden v. Klaas,* 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964). To obtain relief, a party must establish: (1) a reasonable defense on the merits; (2) a reasonable excuse for the failure or neglect to answer; (3) duly diligent action after notice of entry of the judgment; and (4) that no prejudice will occur to the judgment creditor. *Id.,* 128 N.W.2d at 750; *accord Charson v. Temple Israel,* 419 N.W.2d 488, 491 (Minn.1988).

Brill argues that the district court abused its discretion by finding that she did not have a "reasonable excuse" for failing to appear in the appeal from conciliation court. She reasserts her position that she did not reside at 1212 Yale Place and suggests that the district court should have given some weight to her assertion that she failed to appear in the conciliation court appeal because she was working out of town and caring for ill family members.

▮ We believe that the district court was well within its discretion in denying Brill's motion to vacate the default judgment. The record is clear that the court credited the affidavit of Brill's landlord that she resided at 1212 Yale Place through November 2002 over Brill's assertion that she moved in May 2002. The court considered other evidence that created inconsistencies with Brill's allegations, such as the listing in the Minneapolis telephone directory provided by Roehrdanz, the evidence that Brill was previously served at her apartment on Yale Place, and the failure of Brill to offer any proof that she resided at another address. Because the court made findings of fact based upon conflicting evidence and applied the correct *Finden* analysis to those findings, we hold that the district court's denial of Brill's motion did not constitute an abuse of discretion.

Reversed.